**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A.H. ROBINS COMPANY,
INCORPORATED,
<u>Debtor.</u>

ANNA M. GALARNEAU, DS-236042,                                    No. 96-2587
<u>Claimant-Appellant,</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-85-1307-R)

Submitted: March 9, 1998

Decided: April 21, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Anna M. Galarneau, Appellant Pro Se. Melody Gunter Foster,
DALKON SHIELD CLAIMANTS TRUST, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anna Galarneau, a disappointed Dalkon Shield Claimant, appeals the district court's order denying her motion to set aside an alternative dispute resolution (ADR) decision. We vacate the district court's order with instructions that the district court remand the matter to the ADR referee for further proceedings.

The Debtor's Sixth Amended and Restated Plan of Reorganization established a trust fund to compensate persons injured by the Dalkon Shield intrauterine device. To resolve a claim, a Dalkon Shield Claimant must follow procedures set forth in a document called the Claims Resolution Facility (CRF). Under the CRF, claimants have several options to resolve their claims. A claimant choosing Option 3 may be eligible upon proper proof to receive more compensatory damages than are available under Option 1 or Option 2. Once a claimant provides proper medical and other evidence, the Dalkon Shield Claimants Trust (Trust) evaluates the claim and makes a settlement offer. If the claimant rejects the offer, the claimant may choose to proceed through In-Depth Review/Voluntary Settlement conference or other voluntary ADR process under § E4 of the CRF.

After rejecting the Trust's two Option 3 offers, Galarneau elected to proceed to ADR. Galarneau claimed at the hearing before the referee that she had suffered a miscarriage while using a Dalkon Shield. The Trust submitted evidence showing that miscarriage is associated with the Dalkon Shield only when an IUD-related infection is present, and that there was no evidence that Galarneau had an infection. Further, medical treatises that the Trust introduced showed a relatively high rate of miscarriage in the general population. Although the referee found that this was "an extremely close and difficult case, in particular because of the claimant's obvious credibility," he concluded that Galarneau had not shown that her miscarriage was causally

2

related to use of the Dalkon Shield. Following the referee's decision, Galarneau moved in the district court to allow her the last settlement offer the Trust had made. The district court denied her motion. This appeal followed.

Pursuant to its discretionary authority under the Claimants Trust Agreement, the Trust established Rules Governing Alternative Dispute Resolution (Rules). Under the Rules, a presumption of causation of injury by the Dalkon Shield arises upon proof that a woman used a Dalkon Shield and that her injury is listed in Exhibit A to the CRF. Upon introduction of evidence which supports a finding of the non-existence of the presumed causation, however, the presumption is rebutted. The ultimate burden of proving causation rests with the claimant. See In re A.H. Robins Co. (Reichel v. Dalkon Shield Claimants Trust), 109 F.2d 965, 968-69 (4th Cir. 1997).

Here, Galarneau was entitled to the presumption set forth in Reichel. Because the referee did not apply the Reichel proof scheme, we vacate the order of the district court and remand this case to the district court. See Fairfax Covenant Church v. Fairfax County Sch. Bd., 17 F.3d 703, 709 (4th Cir. 1994) (Judicial"decisions almost always apply retroactively because they apply and interpret rules and principles that governed the conduct of the parties at the time that the controversy arose."). The district court in turn should remand the matter to the referee for consideration of the evidence in light of Reichel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3